1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7    CHRISTOPHER SHANE RIVERA,            Case No. 17-cv-00335-JSW

                Plaintiff,
8
                                         **ORDER DENYING MOTION TO
9          v.                            DISMISS**

10   S. KERNAN, et al.,                   Re: Dkt. Nos. 35, 45

                Defendants.
11

12                            **INTRODUCTION**

13         Plaintiff, a California prisoner located at Pelican Bay State Prison ("PBSP"), filed this pro

14   se civil rights case under 42 U.S.C. 1983. In the complaint,[1] Plaintiff claims that Defendants,

15   California prison officials, violated his rights under the Free Exercise Clause of the First

16   Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and

17   under the Equal Protection Clause of the Fourteenth Amendment, by preventing him from

18   practicing rituals of his "Odinist" faith. Defendants filed a motion to dismiss under Rule 12(b)(6)

19   for failure to state a claim upon which relief may be granted. Plaintiff filed an opposition.

20   Defendants filed a motion for a 60-day extension of time in which to file a reply brief. For the

21   reasons discussed below, the motion to dismiss is GRANTED IN PART AND DENIED IN

22   PART, and the motion for an extension of time is DENIED.

23                             **DISCUSSION**

24   I.    <u>**Standard of Review**</u>

25         Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of

26   Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks*

27   _____

28   [1] The operative complaint is the First Amended Complaint, which is referred to herein simply as
     the "complaint."

United States District Court
Northern District of California

1  *School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not

2  whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his

3  claim."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

4  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

5  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

6  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

7  which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal

8  quotations omitted).  Although in order to state a claim a complaint "does not need detailed factual

9  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

10  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

11  action will not do. . . .  Factual allegations must be enough to raise a right to relief above the

12  speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations

13  omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its

14  face."  *Id.* at 1986-87.  A motion to dismiss should be granted if the complaint does not proffer

15  "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570; *see, e.g., Ashcroft*

16  *v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

17  Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18

18  F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or

19  documents the complaint necessarily relies on and whose authenticity is not contested.  *Lee v.*

20  *County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial

21  notice of facts that are not subject to reasonable dispute.  *Id.* at 688 (discussing Fed. R.

22  Evid. 201(b)).  Allegations of fact in the complaint must be taken as true and construed in the light

23  most favorable to the non-moving party.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

24  (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely

25  conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Ibid.*

26  A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be

27  held to less stringent standards than formal pleadings drafted by lawyers."  *Twombly*, 550 U.S. at

28  570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Allegations of fact in the complaint

United States District Court
Northern District of California

2

1  must be taken as true and construed in the light most favorable to the non-moving party.

2  *Symington*, 51 F.3d at 1484.

3  **II.      Legal Claims**

4  Plaintiff claims that he is a member of the "Odinist" religion known as "Asatru." The

5  religion observes the holidays of Winter Solstice, Summer Solstice, the Spring Equinox, and the

6  Autumnal Equinox. Plaintiff and fellow adherents of his religion at PBSP requested a food

7  celebration for the Winter Solstice Yule Festival in December 2015, the Summer Solstice on June

8  21, 2016, the Autumnal Equinox on September 21, 2016, and the Winter Solstice Yule Festival in

9  December 2016. The requests for the first two of these celebrations received no response. The

10  request for the 2016 Autumnal Equinox celebration was eventually approved, but not until

11  November 16, 2016. The celebration of the 2016 Winter Solstice was also approved, but not until

12  May 10, 2017. Funds were donated to PBSP for food for the celebrations, but prison officials

13  allowed funds contributed for the 2016 Summer Solstice celebration to "expire." In December

14  2016, donations of such funds for Odinist feasts were banned.

15      1.  Eleventh Amendment

16  Defendants argue correctly that the Eleventh Amendment bars Plaintiff's claims for

17  damages under the First Amendment and Equal Protection Clause claims against Defendants in

18  their official capacity. *See Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir.

19  1999) (damages claim against governor in his official capacity barred by 11th Amendment). Such

20  claims for injunctive relief against Defendants in their official capacities and for damages in their

21  individual capacities are not barred by the Eleventh Amendment. Plaintiff's RLUIPA claims for

22  damages may not proceed against Defendants in either their official or individual capacities. *See*

23  *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (RLUIPA does not authorize money

24  damages against state officials, whether sued in their official or individual capacities). The

25  RLUIPA claims for injunctive relief remain.

26      2.  Causation

27  Defendants argue that Plaintiff's claims are not cognizable because he has not sufficiently

28  alleged causation. The Court has already found the claims cognizable, and Defendants' motion

3

1  does not undermine this conclusion.

2  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

3  plaintiff can show that the defendant's actions actually and proximately caused the deprivation of

4  a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives

5  another of a constitutional right within the meaning of section 1983 if he does an affirmative act,

6  participates in another's affirmative act or omits to perform an act which he is legally required to

7  do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

8  Plaintiff alleges that Defendants Kernan and Ducart, the CDCR Director and the PBSP

9  Warden, respectively, caused his violations because they failed to properly train officials

10  responsible for reviewing administrative grievances and officials at PBSP to ensure that they

11  would not violate inmates' rights. Supervisors are not liable under Section 1983 for all the

12  violations of committed by their associates, but they are liable when they knowingly acquiesce in

13  those violations; and failure to adequately train subordinates is a recognized method of such

14  acquiescence. *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202,

15  1208 (9th Cir. 2011). Plaintiff sufficiently alleges that Kernan and Ducart caused the known

16  violations of his rights by not adequately training their subordinates to prevent them.

17  Plaintiff alleges that Defendants Voong, Lee, and Puget failed to adequately respond to

18  administrative appeals requesting an investigation into whether PBSP staff were violating the

19  religious rights of Odinist inmates. Defendants cite law stating that the improper review of

20  administrative appeals does not violate any constitutional rights. *See Ramirez v. Galaza*, 334 F.3d

21  850, 860 (9th Cir. 2003). While this is true, Plaintiff's claims are more expansive. He claims that

22  their failure to grant administrative appeals more quickly caused him to celebrate the 2016

23  Autumn Equinox and 2016 Winter Solstice holidays months beyond the dates those holidays were

24  supposed to be celebrated according to the Asatru religion. This a sufficient allegation that

25  Defendants Voong, Lee, and Puget caused a violation of his rights.

26  Plaintiff alleges that Defendant Olson disapproved of donations made to purchase food for

27  the Winter Solstice in 2016, but not for the holidays of other religions. A permissible inference

28  from this allegation is that disapproving food purchase donations caused or contributed to the

4

1    delay in celebrating the 2016 Winter Solstice but did not delay the holidays of other religions

2    Plaintiff alleges that the requests for the holiday celebrations were sent to Losacco and

3    McCovey, who either did not respond to them or their response did not lead to a timely celebration

4    of the holidays.  Defendants argue this is not sufficient to allege causation because the California

5    regulations did not require accommodation of all the requested celebrations.  Plaintiff is not

6    claiming a violation of the state regulations, but rather of federal law.  Plaintiff sufficiently alleges

7    that the actions or inactions of Defendants Losacco and McCovey caused those claimed violations.

8         3.  Qualified Immunity

9    Defendants argue that they are entitled to qualified immunity because the delays in

10   celebrating two of holidays was not a substantial burden on Plaintiff's religious practice.  A court

11   considering a claim of qualified immunity must determine whether the plaintiff has alleged the

12   deprivation of an actual constitutional right and whether such right was clearly established such

13   that it would be clear to a reasonable officer that his conduct was unlawful in the situation he

14   confronted.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

15   To begin with, Defendants do not address the two holidays --- the 2015 Winter Solstice

16   and the 2016 Summer Solstice --- that Plaintiff was allegedly never able to celebrate.  Defendants

17   argue that a "temporary" delay in celebrating the two other religious holidays is not a substantial

18   burden.  However, Plaintiff alleges that celebrating these holidays on specific dates is an essential

19   tenet of his religion.  No reasonable person would believe that requiring Christians to celebrate

20   Christmas on December 28 (let alone in May), or Jews to celebrate Yom Kippur thirteen days after

21   Rosh Hashanah (let alone in November) would not substantially burden their religious practice.

22   Observation of these major holidays on particular dates is an essential tenet of these religions.

23   Similarly, Defendants could not reasonably believe that they did not substantially burden

24   Plaintiff's practice of his Asatru religion by causing Plaintiff to celebrate the Asatru holidays on

25   days with no religious significance, months after the date on which those holidays were observed

26   according to Asatru's essential tenets.

27   Lastly, Defendants argue that the large growth in the number of religious groups at PBSP -

28   -- not an intent to discriminate against Odinists --- was the reason for their inaction.  The reference

5

1   to the growth of religious groups appears in response to Plaintiff's administrative grievances

2   attached to the complaint.  Defendants may be able to supply evidence of such a growth at a later

3   stage of this litigation, but it does not support of Defendants' motion because, besides being

4   hearsay, the growth of religious groups is not alleged by plaintiff or judicially noticeable.

5       Defendants are not entitled to dismissal of any of Plaintiff's claims on the grounds of

6   qualified immunity because no reasonable official would believe that Defendants' alleged conduct

7   was lawful.

8                                          **CONCLUSION**

9       The motion to dismiss is GRANTED IN PART AND DENIED IN PART.  The claims for

10  money damages under RLUIPA and First and Fourteenth Amendment claims against Defendants

11  in their official capacity for money damages are DISMISSED.  The claims for money damages

12  under the First and Fourteenth Amendments against Defendants in their individual capacity, and

13  the claims for injunctive relief under these Amendments and under RLUIPA remain.  Defendants'

14  motion for an extension of time to file a reply brief is DENIED because Defendants did not show

15  sufficient cause for an extension of 60 days.

16      Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

17      In order to expedite the resolution of this case:

18          1.  No later than **91 days** from the date this order is filed, the parties shall file a

19  motion for summary judgment.  If defendants are of the opinion that this case cannot be resolved

20  by summary judgment, they shall so inform the court prior to the date the summary judgment

21  motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

22          2.  Plaintiff's opposition to defendants' summary judgment motion, if any, shall be

23  filed with the court and served upon defendants no later than **28 days** from the date of service of

24  the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

25  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

26  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Defendants **shall** file a reply

27  brief no later than **14 days** after the date of service of the opposition.

28          3.  Motions shall be deemed submitted as of the date the reply brief is due.  No

                                                6

1  hearing will be held on the motion unless the court so orders at a later date.

2          4.  Along with his motion, defendants shall file proof that they served plaintiff the

3  *Rand* warning at the same time they served him with their motion.  Failure to do so will result in

4  the summary dismissal of their motion.

5          5.  All communications by the plaintiff with the court must be served on defendant,

6  or defendant's counsel once counsel has been designated, by mailing a true copy of the document

7  to defendant or defendant's counsel.

8          6.  Discovery may be taken in accordance with the Federal Rules of Civil

9  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule

10  16-1 is required before the parties may conduct discovery.

11          7.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

12  court informed of any change of address and must comply with the court's orders in a timely

13  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

14  to Federal Rule of Civil Procedure 41(b).

15          **IT IS SO ORDERED.**

16  Dated: September 28, 2018

                                            _____
17                                          JEFFREY S. WHITE
                                            United States District Judge
18

19

20

21

22

23

24

25

26

27

28

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2        If Defendants move for summary judgment, they are seeking to have your case dismissed.

3 A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

4 granted, end your case.

5        Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6 Generally, summary judgment must be granted when there is no genuine issue of material fact--

7 that is, if there is no real dispute about any fact that would affect the result of your case, the party

8 who asked for summary judgment is entitled to judgment as a matter of law, which will end your

9 case. When a party you are suing makes a motion for summary judgment that is properly

10 supported by declarations (or other sworn testimony), you cannot simply rely on what your

11 complaint says. Instead, you must set out specific facts in declarations, depositions, answers to

12 interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

13 shown in Defendant's declarations and documents and show that there is a genuine issue of

14 material fact for trial. If you do not submit your own evidence in opposition, summary judgment,

15 if appropriate, may be entered against you. If summary judgment is granted, your case will be

16 dismissed and there will be no trial.

17

18

19

20

21

22

23

24

25

26

27

28